IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| DOMINIQUE LOUNGE,<br><br>Plaintiff,<br><br>-against-<br><br>EASTERN RECOVERY, INC., and<br>CREDIT ACCEPTANCE CORPORATION,<br><br>Defendants. | Civil Case Number:<br><br><u>CIVIL ACTION</u><br>COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL |

Plaintiff DOMINIQUE LOUNGE (hereinafter, "Plaintiff"), a Massachusetts resident, brings this complaint by and through the undersigned attorneys, Rights Protection Law Group, PLLC and Marcus & Zelman, against Defendant EASTERN RECOVERY, INC., and CREDIT ACCEPTANCE CORPORATION (hereinafter "Defendants").

## **JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## **NATURE OF THE ACTION**

3. Plaintiff brings this action after the Defendants illegally breached the peace and repossessed her vehicle from the Plaintiff's driveway without the Plaintiff's consent, thereby violating Massachusetts General Laws 255B, § 20B. Plaintiff also brings a claim against Eastern Recovery, Inc. for illegally repossessing her vehicle in violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692.

1

4. Plaintiff is seeking statutory damages, actual damages, punitive damages, as well as attorneys fees and costs.

## PARTIES

5. Plaintiff is a natural person and a resident of Braintree, Massachusetts and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

6. Defendant Eastern Recovery, Inc., (hereinafter referred to as "Eastern"), is a repossession company, with its principal place of business in Haverhill, Massachusetts.

7. Upon information and belief, Defendant Eastern is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

8. Defendant Eastern is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

9. Defendant Credit Acceptance Corporation ("CAC") is a subprime auto lender headquartered in Southfield, Michigan.

10. CAC is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

## ALLEGATIONS OF FACT

13. Plaintiff repeats, reiterate and incorporate the allegations contained in the above paragraphs with the same force and effect as if the same were set forth at length herein.

14. The Plaintiff owns a 2015 Ford Escape, which was financed with a loan through CAC.

15. The Plaintiff purchased and used the Ford Escape for her personal use and enjoyment.

16. In December of 2021, the Plaintiff received a Letter from the Massachusetts Attorney General's Office, advising the Plaintiff of a settlement reached with CAC due to deceptive

collection and business practices engaged in by the Defendant.[1]

17. The Letter from the Attorney General's Office advised the Plaintiff that she could be eligible for a payment under this settlement, if she filled out the enclosed questionnaire.

18. The Plaintiff completed and returned the questionnaire the next day.

19. While the Plaintiff was waiting to find out if CAC would be paying her money, she stopped making her payments to CAC in the interim.

20. The amounts owed on the CAC loan is a 'debt' as defined by 15 U.S.C. § 1692a(5).

21. As a result, CAC contracted with Eastern Recovery to repossess the Plaintiff's vehicle.

22. At approximately 9:30 p.m. on February 17, 2022, the Plaintiff heard her dogs barking, alerting her to the fact that someone was in her private driveway.

23. The Plaintiff and her boyfriend then went outside the home, only to see the Defendant's tow truck in her private driveway, in the midst of being hooked up to her Ford Escape.

24. The Eastern Recovery tow truck operator then advised the Plaintiff that he was repossessing her vehicle.

25. The Plaintiff and her boyfriend repeatedly told the tow truck driver to stop the repossession, advising him that they were awaiting the money from the AG's settlement with the Defendant and that he had no right to take the vehicle.

26. The tow truck driver responded that he did not care, and that he was taking the vehicle anyway.

27. Defendants' representatives never once asked the Plaintiff for consent to enter upon her

---

[1] The Massachusetts Attorney General's Office touts the $27,000,000 settlement as "the largest settlement of its kind." *See,* https://www.mass.gov/news/in-largest-settlement-of-its-kind-ag-healey-secures-27-million-for-thousands-of-massachusetts-consumers-from-subprime-auto-lender, last visited on July 19, 2022.

private property, and certainly made no such request prior to entering upon that private property and hooking up their tow truck to Plaintiff's vehicle parked in Plaintiff's driveway.

28. After the repossession, the Plaintiff was without her vehicle for several weeks.

29. When the Plaintiff finally regained possession of her vehicle, many personal items from inside the vehicle – including the rosary beads belonging to the Plaintiff's deceased mother - were destroyed or missing, and the vehicle's transmission was damaged, causing it to blow one week later, costing the Plaintiff thousands of dollars to replace.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*
### (Against Eastern Recovery)

30. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

31. Plaintiff brings this Count against Defendant Eastern Recovery.

32. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

33. Section 1692f(6) of the FDCPA specifically prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

   (A)   there is no present right to possession of the property claimed as collateral through an enforceable security interest; or

   (C)   the property is exempt by law from such dispossession or disablement.

34. At the time of the repossession, the Plaintiff's vehicle was parked on her private property

– her driveway – during the time that the Defendant unlawfully repossessed her vehicle.

35. To repossess the Plaintiff's vehicle, the Defendant trespassed on the Plaintiff's private property without the Plaintiff's consent, in violation of Massachusetts General Laws 255B, § 20B's which only allows repossessions that can be accomplished without entry on property owned by or rented to the debtor, unless the debtor consents to an entry, at the time of such entry.

36. Plaintiff never consented to the Defendant's entry upon her property to repossess her vehicle.

37. As a result, the Defendant did not have the present right to possession of the Plaintiff's vehicle while it was on Plaintiff's property, and was prohibited from repossessing it.

38. Moreover, while the Plaintiff's vehicle was on the Plaintiff's property, Plaintiff's vehicle was clearly exempt from repossession or disablement.

39. As a result, the Defendant violated 15 USC § 1692f(6) when it repossessed the Plaintiff's vehicle on February 17, 2022.

40. By illegally repossessing the Plaintiff's vehicle in violation of the FDCPA, Defendant harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

41. Defendants' illegal activity also harmed the Plaintiff by causing her to suffer anger, anxiety, emotional distress, frustration and embarrassment, by depriving the Plaintiff of her property and her vehicle, and by damaging her property and her vehicle.

42. By reason thereof, Defendant Eastern Recovery is liable to the Plaintiff for judgment that

Defendant's conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

## COUNT II

### UNLAWFUL TRESPASSORY REPOSSESSION
### M.G.L. c. 255B, § 20B *et seq.*
### (Against All Defendants)

43. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

44. Plaintiff brings this Count against Defendants Eastern Recovery and CAC.

45. Massachusetts law does not permit non judicial or "self help" repossession of consumer motor vehicles if such repossession involves entry onto property owned or rented by the debtor without the debtor's consent at the time of entry. M.G.L. c. 255B, § 20B.

46. On or about February 17, 2022, Eastern Recovery illegally repossessed the vehicle on behalf of CAC by trespassing onto the Plaintiff's private driveway to repossess the Plaintiff's vehicle without Plaintiff's consent or judicial authorization.

47. Failure to comply with lawful repossession procedures provided by G.L. c. 255B § 20B bars collection of any deficiency. *See,* G.L. c. 255B §§ 20B(e)(1), 22; see also Queenan, *The New Consumer Repossession Law*, 58 Mass. L. Q. 412, 417 418 (1973).

48. As a direct and proximate result of the Defendants' trespassory repossession, Plaintiff suffered damages including the loss of use of the vehicle and the loss of the right to pre repossession judicial process, as well as mental and emotional harm including frustration and embarrassment and damage to the Plaintiff's property.

## COUNT III

### BREACH OF THE PEACE REPOSSESSION
### M.G.L. c. 106, § 9-609 *et seq.*
### (Against All Defendants)

49. The Plaintiff repeats and re alleges the preceding paragraphs of this Complaint and incorporates the same herein.

50. Massachusetts only permits self help repossession of consumer motor vehicles where possession can be obtained without breach of the peace. M.G.L. c. 255B, § 20B(a), see also c. 106, § 9 609(b).

51. Defendants breached the peace when it repossessed the Plaintiff's vehicle by illegally trespassing on the Plaintiff's private property and by continuing with the repossession over the Plaintiff's protests.

52. A secured creditor's duty to repossess without breach of the peace is non delegable, it is liable even if the peace is breached by an independent contractor. *Doucette v. Belmont Savings Bank*, 34 Mass. L. Rptr. 183 (Mass. Super. April 14, 2017). As such, Eastern Recovery's breach of the peace is imputed upon CAC.

53. As a direct and proximate result of the Defendants' breach of the peace repossession, Plaintiff suffered damages including damage to her property, the loss of use of the vehicle, the loss of the right to pre repossession judicial process, as well as mental and emotional harm including frustration and embarrassment.

## COUNT IV

### UNFAIR AND DECEPTIVE PRACTICES IN TRADE OR COMMERCE
### M.G.L. c. 93A, § 9, *et seq.*
### (Against All Defendants)

54. Plaintiff repeats and re alleges the preceding paragraphs of this Complaint and incorporates

the same herein.

55. At all relevant times, the Defendants were engaged in trade or commerce.

56. The Defendants unfairly and deceptively directly or indirectly collected on the Plaintiff's loan with CAC via non judicial repossession of the vehicle without a present right to possession and in violation of chapter 255B § 20B. M.G.L. c. 255B, § 6, 940 Code Mass. Regs. § 7.07(18)(a), see also M.G.L. c. 93, § 49.

57. More than thirty days before this lawsuit was filed a demand letter was mailed to CAC and Eastern Recovery, setting forth Plaintiff's claim under General Laws c. 93A.

## DEMAND FOR TRIAL BY JURY

58. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) awarding Plaintiff her actual damages incurred;

(b) Tripling of actual damages pursuant to M.G.L. c. 93A, § 9;

(c) awarding the Plaintiff statutory damages, along with the attorneys' fees and expenses incurred in bringing this action;

(c) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: July 20, 2022　　　　　　　　　　By: /s/ Kevin Crick
　　　　　　　　　　　　　　　　　　　Kevin Crick, Esq.
　　　　　　　　　　　　　　　　　　　BBO:  680950

Rights Protection Law Group, PLLC
100 Cambridge St., Suite 1400
Boston, MA 02114
Phone: (617) 340-9225
Fax: (888) 622-3715
k.crick@rightsprotect.com
*Attorney for Plaintiffs*

Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorney for Plaintiff*
**Pro Hac Vice To Be Filed**

9